**In the Matter of Raphael RAMIREZ.**

No. 49S00–0605–DI–156.

Supreme Court of Indiana.

Aug. 28, 2006.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** In 1998, respondent represented clients, a husband and wife, in a post-dissolution proceeding involving the wife's prior marriage. She was divorced in 1992 and was granted custody of the four children of her marriage. Her ex-husband was ordered to pay child support. Subsequently, her ex-husband filed a petition to modify custody as to one of their children, to abate his child support obligations with respect to that child, and to address concerns about certain medical support arrearage claims of his ex-wife.

A hearing on the matter was set for August 18, 1998. Respondent signed an agreed entry on that date, which the judge approved, changing the respective custody and child support arrangements of the parties. Respondent later sent his clients a bill for services rendered. His clients objected to the bill and Respondent's representation of them. They also filed a grievance with the Disciplinary Commission.

Respondent thereafter contacted his clients by letter addressing some legal questions they had raised. He agreed to end his legal representation of them and to forgive the entire outstanding legal bill of $8,000. He also asked them, "in return," to consider withdrawing their grievance against him with the Disciplinary Commission. He included a form for them to sign and send to the Commission if they decided to withdraw the grievance. His clients chose not to withdraw it.

**Violations:** By suggesting, if not requesting, that his clients withdraw a grievance they had filed against him with the Indiana Supreme Court Disciplinary Commission, respondent violated Ind. Professional Conduct Rule 8.4(d), engaging in conduct that is prejudicial to the administration of justice. This order is made public because Respondent agreed to the sanction and because we wish to make clear that even such relatively mild action designed to stop a disciplinary proceeding is prohibited by Rule 8.4(d). As Justice Dickson's dissent demonstrates, respondent's conduct was clearly less egregious than most warranting a public reprimand.

**Discipline:** Public reprimand.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents with opinion.

Justice DICKSON dissenting.

Notwithstanding the fact that this case is before us on a Conditional Agreement for Discipline, I believe that the basis of the public reprimand, the respondent's unconditional request to his clients to consider withdrawing of their grievance, did not violate Professional Conduct Rule 8.4(d).

The request to consider withdrawing the grievance was part of the respondent's letter specifically responding to his clients'

request for clarification of legal issues. Not only did the respondent's reply address his clients' questions, in it he also unconditionally waived their unpaid legal fees of approximately $8,000.00, and he agreed to end his representation of them, as they requested. This response by the respondent is very commendable and should not be discouraged.

The court faults the respondent for adding the following words to his letter: "In return, I understand that you will discuss with your wife the possibility of dismissing your complaint against me." This simple request was just that—a request. It was not a precondition to the respondent's unequivocal relinquishment of legal fees due him, or to his withdrawal of representation. The respondent merely respectfully requested that his clients consider the possibility of withdrawing their grievance. Furthermore, the Disciplinary Commission's authority to pursue an attorney discipline case does not depend on whether a grievant "withdraws" a complaint letter to the Disciplinary Commission. Such request for consideration was not, in my view, prejudicial to the administration of justice.

I cannot agree that the respondent's respectful request that his former clients consider withdrawing their letter to the Disciplinary Commission, a request made after the respondent made a full waiver of unpaid legal fees and agreed to withdraw from their case, should be sanctioned as a disciplinary violation—even an agreed public reprimand.